IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD WAYNE SPARKS, | CV 21-00020-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| LACY WILLIAMS, MARK JOHNSON, ED LESTER, PATRICK SULLIVAN, ANDY ODNEY, WALTER JOHNSON, MIKE REGAN, CAMERON GARDIPEE, ANGEL HOUSE, JOHN SESTRICH, KATHY FOLIO, LACY DOWNEY, TAMMY SHEA, JAMIE TREAGAR, AUSTIN BOSCH, JOSH ROBINSON, JORY THATCHER, SHELLY MCDONALD, JOHN GARDIPEE, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motions to Appoint Counsel (Docs. 14 & 22), Motion for Preliminary Injunction (Doc. 23), Motion for Investigator (Doc. 27), and Motion for Discovery (Doc. 39), as well as Defendants' Motion to Strike (Doc. 37). Each will be addressed in turn.

**i.    Motion to Appoint Counsel**

Mr. Sparks requests that this Court appoint counsel to represent him. See, (Docs. 14 & 22.) As grounds for his request Mr. Sparks asserts that he has limited access to legal research materials, a limited educational background, and no legal training. (Doc. 14 at 2.) Additionally, he explains he has physical and mental

1

disabilities.  (Doc. 22 at 2-3.)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney.  Section 1915 of Title 28 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit- a judge can merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony.  However, this is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs

2

representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Mr. Sparks has not yet demonstrated a likelihood of success on the merits and he has effectively articulated his claims up to this point. The Court does not see a sufficient basis to appoint counsel. The motion will be denied.

The Court advises Mr. Sparks, however, that the United States District Court for the District of Montana's website has a page which identifies cases in which defendants have been served and the plaintiff has requested appointment of counsel. Although, the Court is denying Mr. Sparks' motion for appointment of counsel, it will list his case on the Court's website as a case in which a request for the appointment of counsel has been made. Should an attorney contact the Court indicating their interest in representing Mr. Sparks, the Court will make the appointment. If Mr. Sparks objects to having his case listed on the Court's website, he should immediately notify the Court.

### ii.    Motion for Preliminary Injunction

Sparks next seeks an injunction in which he presumably seeks an order from the Court directing BSB to provide him with handicap shower facilities or, alternatively, ordering his transfer to another jail or institution which has such

handicap facilities.  See, (Doc. 23 at 6.)  Sparks previously made similar requests. (Docs. 5 & 7.)  This Court addressed the requisite legal standards and denied Sparks' request.  See, (Doc. 16 at 12-13.)

The Court would take judicial notice that Sparks was transferred from BSB Detention Center to the Montana State Prison on July 14, 2021.  See, (Doc. 28.) Accordingly, the Court will deny Sparks' request for an injunction as moot.

### iii.    Motion for Investigator

Sparks requests a court-appointed investigator to visually inspect the handicap shower facilities at the BSB Detention Center and photograph and document the same.  See, (Doc. 27 at 5.)  Sparks is advised that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Internal Revenue Service,* 107 F.3d 750, 752 (9th Cir.1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir.1993).  The in forma pauperis statute does not authorize the expenditure of public funds for a court-appointed investigator. *See* 28 U.S.C. § 1915.  Sparks cites to no legal authority requiring the Court to appoint an investigator, and the Court is aware of none. Additionally, the Court does not see a need for an investigator to be appointed at this time.  The request will be denied.

### iv.    Motion for Discovery

Sparks next seeks leave of the Court to allow him to proceed with discovery. (Doc. 39.)  The contemporaneously filed Scheduling Order outlines the future proceedings and deadlines in this matter, including allowing for the parties to conduct discovery.  Accordingly, Sparks' request to conduct discovery will be denied as moot.

### v.    Motion to Strike

Defendants seek to strike Sparks' reply to their Answer, (Doc. 36), from the record.  See, (Doc. 37.)  In support, Defendants argue that a reply to the answer is not a pleading allowed under Fed. Rule Civ. P. 7(a), and that this Court did not order Sparks to file a reply pursuant to Rule 7(a)(7).  The Defendants' motion is well-taken.  The motion will be granted and Sparks' reply to the answer will be stricken from the record.

Accordingly IT IS HEREBY ORDERED:

1.   Mr. Sparks' Motions for Appointment of Counsel (Docs. 14 & 22) are DENIED.  The Clerk of Court is directed to notify the Court's Pro Bono Coordinator to list Mr. Sparks case on the list of Pro Bono Opportunities on the Court's website.

2.   Mr. Sparks' Motion for Preliminary Injunction (Doc. 23) is DENIED as moot.

3.   Mr. Sparks' Motion for Investigator (Doc. 27) is DENIED.

4.  Mr. Sparks' Motion for Discovery (Doc. 39) is DENIED as moot.

5.  Defendants' Motion to Strike (Doc. 37) is GRANTED.  Mr. Sparks'

reply to the answer (Doc. 36) is ordered stricken from the record.

DATED this 20th day of September, 2021.


_____
Brian Morris, Chief District Judge
United States District Court

_____